IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC.,

          Plaintiff,

v.                                        Civil Action No. 2:06CV11
                                                          (STAMP)
DIRK KEMPTHORNE,
Secretary of the Interior,

          Defendant.


**MEMORANDUM OPINION AND ORDER
GRANTING WEST VIRGINIA HIGHLANDS CONSERVANCY, INC.'S
MOTION FOR SUMMARY JUDGMENT,
DENYING THE SECRETARY OF THE INTERIOR'S
MOTION FOR SUMMARY JUDGMENT AND
REMANDING TO THE INTERIOR BOARD OF LAND APPEALS
FOR FURTHER PROCEEDINGS ON THE
ISSUE OF SUBSTANTIAL CONTRIBUTION**

I.  Procedural History

     Plaintiff, West Virginia Highlands Conservancy, Inc. ("the

Conservancy"),[1] filed the above-styled civil action against the

defendant, Dirk Kempthorne, Secretary of the Interior

("Secretary"), seeking judicial review of a decision by the

Interior Board of Land Appeals ("the Board").  The Conservancy, in

filing its Complaint and Petition for Judicial Review, seeks an

order from this Court (1) to vacate the Board's December 30, 2005

_____

     [1]West Virginia Highlands Conservancy, Inc. refers to itself
alternately as "the Conservancy" and "the Highlands Conservancy."
The Secretary refers to it as "WVHC."  For purposes of this order,
this Court shall use "the Conservancy" when referring to West
Virginia Highlands Conservancy, Inc.

decision denying the Conservancy's petition for an award of costs and expenses, including reasonable attorneys' fees, which the Conservancy incurred in prosecuting an earlier appeal; and (2) to remand the citizen enforcement dispute for further administrative procedures.[2] This Court finds that it has jurisdiction over this action for judicial review.

The Conservancy filed a motion for summary judgment, to which the Secretary filed a cross-motion for summary judgment. The Conservancy responded to the Secretary's motion for summary judgment.[3]

Having reviewed the cross-motions for summary judgment, the response thereto, and the subsequent memoranda filed by both parties, this Court finds that the Conservancy's motion for summary judgment must be granted and the Secretary's motion for summary judgment must be denied for the reasons stated below.[4]

---

[2]The Board's unreported order dated December 30, 2005 is attached to the Conservancy's complaint and petition as Exhibit No. 1, and is also a part of the administrative record.

[3]Subsequently, the defendant, the Secretary of the Interior ("the Secretary"), filed a "Motion for Leave to File a Response Memorandum" in the above-styled civil action, and the Conservancy filed a "Response to the Secretary's Motion for Leave to File a Response and a Motion for Leave to File a Surreply Memorandum." This Court granted both motions.

[4]On May 9, 2007, the United States Court of Appeals for the Fourth Circuit held as unripe for judicial review an agency decision declining to take enforcement action for alleged environmental violations because challenges to the agency's jurisdiction were then pending before the hearings division. West Virginia Highlands Conservancy, Inc. v. Kempthorne, No. 06-1596

II.  <u>Facts</u>

This action was initially commenced through a series of citizen complaints requesting the Office of Surface Mining Reclamation and Enforcement ("OSM") "to collect and take enforcement action" against LaRosa Fuel, Inc. ("LaRosa Fuel") for regulatory violations at various surface coal mining and reclamation operations.  Though LaRosa Fuel ceased mining of the site at issue in 1979, the acid mine drainage from the mining operation's hydrologic discharges continued to exceed effluent limitations.  <u>West Virginia Highlands Conservancy, Inc.</u>, 165 IBLA 395, 396 (2005).  The Conservancy filed a citizen complaint in May 1994, alleging that West Virginia state regIulators had wrongly attempted to relinquish regulatory jurisdiction of LaRosa Fuel's surface coal mining permit, Permit No. 84-78, at a time when the mine site was discharging acid mine drainage.  <u>Id.</u> at 397. Pursuant to the relevant provisions of the Surface Mining Control

_____

(4th Cir. May 9, 2007), <u>aff'g in part, rev'g in part</u>, <u>West Virginia Highlands Conservancy, Inc. v. Norton</u>, No. 2:07-CV-11 (N.D. W. Va. Mar. 7, 2006).  The Fourth Circuit found that if the agency lacked jurisdiction to conduct a federal inspection and to issue citations, then it necessarily lacked jurisdiction to take enforcement action.  <u>Id.</u> at 7-8.  The parties in the case currently before this Court made no requests for supplemental briefings on the Fourth Circuit's holding; however, after independent review, this Court believes that the remand does not influence the ruling in this case.  This Court concludes that the jurisdictional questions here, unlike those in the remanded case, do not make this case unripe for judicial review because the agency's jurisdiction to initiate a federal inspection is not a prerequisite to an award of attorneys' fees.

3

and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. §§ 1201-1328, the OSM issued a ten-day notice to the State of West Virginia based on the Conservancy's allegations. <u>See</u> 30 U.S.C. § 1271(a)(1). The state asserted that its regulatory jurisdiction had properly terminated when it released LaRosa Fuel's performance bond, which LaRosa Fuel had posted in compliance with SMCRA requirements. <u>West Virginia Highlands Conservancy, Inc.</u>, 165 IBLA at 397.

State regulators failed, however to provide written documentation that LaRosa Fuel had met all applicable requirements for bond release under 30 C.F.R. § 700.11(d)(2), the provisions governing termination of regulatory jurisdiction over surface coal mining and reclamation operations, as required by 30 C.F.R. § 800.40(b)(2)and (c)(3), the regulations governing requirements to release performance bonds. <u>Id.</u> at 406 n.6. As a result, OSM rejected the state's assertion that its regulatory jurisdiction over Permit No. 84-78 had terminated. OSM determined instead that the state had wrongly attempted to terminate regulatory jurisdiction of the mine site before LaRosa Fuel had met the requirements of the initial SMCRA regulatory program.[5] Specifically, OSM found that at the time of the apparent bond

<hr />

[5]Title 30, Chapter VII, Subchapter B sets forth the initial regulatory program to remain in effect until approval of permanent programs in accordance with SMCRA § 503, § 504, or § 523. LaRosa Fuel was subject to the initial regulatory program when it obtained Permit 84-78. <u>West Virginia Highlands Conservancy, Inc.</u>, 165 IBLA 395, 397.

release, LaRosa Fuel's mine was in fact discharging acid mine drainage in violation of SMCRA's initial program regulations governing water quality standards and effluent limitations, which are set forth at 30 C.F.R. § 715.17(a). OSM therefore deemed the state response to the ten-day notice to be inappropriate. <u>Id.</u> at 398.

Subsequently, the OSM Charleston Field Office ("OSM Field Office"), acting on behalf of the Secretary and pursuant to 30 U.S.C.A. § 1271(a)(1), conducted a federal inspection of Permit No. 84-78 on November 17, 1994.[6] <u>Id.</u> at 399. According to the inspection report, the OSM Field Office evaluated LaRosa Fuel's compliance with effluent limitations on iron concentration for a single day of discharge but did not evaluate the average iron concentration for thirty consecutive discharge days. <u>Id.</u> Further, the inspection did not determine whether LaRosa Fuel had complied with the initial program requirement at 30 C.F.R. § 715.17(b)(1) that it submit water quality monitoring reports to the regulatory authority "unless the discharge for which water monitoring reports are required is subject to regulation by a National Pollution Discharge Elimination System (NPDES) permit issued in compliance with the Clean Water Act of 1977 33 U.S.C. 1251-1378) . . . ." <u>See</u>

---

[6]LaRosa Fuel obtained Permit No. 84-78 in 1978 for a surface coal mining operation that was subject to the initial program regulations implementing SMCRA. These regulations took effect on May 3, 1978. <u>Id.</u>

5

30 C.F.R. § 715.17(b)(1)(v). In addition, although OSM was unable to locate a valid "NPDES" permit for the mine, the agency declined to cite the violation. Upon completion of its inspection, the OSM Field Office concluded that it would take no enforcement action concerning the Conservancy's citizen complaint against LaRosa Fuel. West Virginia Highlands Conservancy, Inc., 165 IBLA at 399.

Pursuant to 30 C.F.R. § 842.15, the Conservancy requested informal review by OSM of its Field Office's non-enforcement decision. Id. at 399. OSM's informal review decision stated that although LaRosa Fuel's mine remained a surface coal mining and reclamation operation subject to OSM's jurisdiction, the agency would not order the enforcement action that the Conservancy sought. By way of explanation, the review decision stated that the agency was engaged in policy review and outreach concerning enforcement of the Clean Water Act and that sanctioning LaRosa Fuel at that time would be premature. Id. at 399-400. In response, the Conservancy filed a timely appeal to the Board.

On May 13, 2005,[7] the Board issued a decision setting aside OSM's informal review decision and questioning whether OSM, in fact, even had jurisdiction to conduct the November 17, 1994 inspection. The Board remanded the matter to the agency to

---

[7]The Board stayed the Conservancy's appeals for several years pending the disposition of related litigation before this Court, the United States Court of Appeals for the Fourth Circuit, and the Secretary.

consider whether the state's regulatory jurisdiction, and thus OSM's oversight jurisdiction, had terminated, and, if so, whether OSM had reasserted its jurisdiction based upon its determination that the state's relinquishment of its regulatory jurisdiction was the result of "fraud, collusion, or misinterpretation of material fact" and therefore "arbitrary, capricious, or an abuse of discretion."[8] <u>West Virginia Highlands Conservancy, Inc.</u>, 165 IBLA at 405-06. Because of this unresolved jurisdictional question, the Board found that OSM's inspection was "premature" and that the administrative record was inadequate "to establish that jurisdiction terminated . . . ." <u>Id.</u> at 406. The Board stated that "[b]ringing this matter to a proper conclusion . . . requires us to remand this case to OSM to determine whether jurisdiction terminated under 30 CFR 700.11(d)(1)(I) and whether or not a basis for reasserting jurisdiction has been established under 30 CFR 700.11(d)(2)." <u>Id.</u> at 406.

Pursuant to the attorneys' fees provision of 43 C.F.R. § 4.1294(b) —- the implementing regulations to SMCRA § 525(E) —- the Conservancy subsequently filed a petition, dated June 25, 2005, for an award of costs and expenses for its role in the administrative appeal that had resulted in remand. Relying upon the decision by the United States Court of Appeals for the Fourth

_____

[8]The Board's decision is attached to the Conservancy's complaint and petition as Exhibit No. 2.

Circuit in West Virginia Highlands Conservancy, Inc. v. Norton, 343 F.3d 239 (4th Cir. 2003)("Norton"), the Conservancy asserted that a Board order vacating an adverse OSM decision and remanding a matter to the agency to correct perceived errors in handling a citizen complaint establishes the Conservancy's eligibility for a fee award under 43 C.F.R. § 4.1294(b). See Norton, 343 F.3d at 247.

In an unpublished opinion, the Board denied the Conservancy's petition. Reasoning that because the decision to remand was not based upon any legal argument proffered by the Conservancy, nor, in the Board's view, was the Conservancy likely on remand to obtain the full relief it sought, the Board found that its remand order was insufficient to establish eligibility for a fee award. West Virginia Highlands Conservancy, Inc., IBLA 2005-204, 5 (Dec. 30, 2005). In reaching this conclusion, the Board reviewed 43 C.F.R. § 4.1294(b), which provides, in pertinent part, that "[a]ppropriate costs and expenses including attorneys' fees may be awarded . . . to any person . . . who initiates or participates in any proceeding under [SMCRA], and who prevails in whole or in part, achieving at least some degree of success on the merits . . . ." 43 C.F.R. § 4.1294(b).

The Board interpreted "success on the merits" as requiring a causal connection between "a position taken by [the Conservancy] during the course of the proceeding" and "the rationale on the

8

merits articulated by the Board in its decision." West Virginia Highlands Conservancy, Inc., IBLA 2005-204, at 2. In other words, to constitute "success on the merits" for purposes of SMCRA's fee award provision, the basis for remand must, in the Board's view, be grounded upon a legal position that the petitioning party has advanced during the administrative proceedings. To adopt a construction of the regulatory language permitting an award of costs and expenses for mere "participation in a proceeding that results in a decision or order that furthers the purpose of SMCRA" would, according to the Board, render the phrase "success on the merits" meaningless. Id. at 5-6. This is so, the Board maintains, because the authority vested it "to decide appeals arising under SMCRA under 43 C.F.R. § 4.1(b)(3)(iii)" makes "every order or decision [the Board] issue[s] . . . properly construed as furthering SMCRA's purpose" and, therefore, no party participating in a challenge to an agency decision would ever be denied an award. Id. at 5. Such an interpretation of the regulation casts too broadly, the Board maintains.

In this case, because the Conservancy had not sought relief in the form of remand to OSM on jurisdictional or any other grounds the Board found that the basis for its remand decision lacked the requisite nexus to the positions the Conservancy had advanced in the administrative proceedings. Id. at 6. Therefore, the Board concluded, the Conservancy had failed to establish success on the

9

merits and was consequently ineligible for an award of costs and expenses. Id. at 7. The Conservancy filed the present action seeking judicial review of the Board's decision.

## III. Discussion

In its motion for summary judgment, the Conservancy asserts that it is eligible for a fee award because the Board's decision to vacate OSM's initial decision on a citizen complaint and to remand the matter for further reconsideration constitutes "'at least some degree of success on the merits' within the meaning of 43 C.F.R. § 4.1294(b)." (Pl.'s Mot. Summ. J. at 14.) The Secretary contends that the Board correctly determined that the Conservancy did not achieve success on the merits necessary for an award of attorney's fees despite the Board's remand of the case to the agency to address the jurisdictional questions. Specifically, the Secretary argues that the Conservancy did not achieve success on the merits because it did not advance any legal position causing the remand of this citizen complaint. (Def.'s Mot. Summ. J. at 17-18.) In support of the contention that attorneys' fees may be awarded under SMCRA only where a petitioner has obtained the specific benefit that it has sought, the Secretary cites Sierra Club v. EPA, 322 F.3d 718 (D.C. Cir. 2003), cert. denied, 540 U.S. 1104 (2004)(causation should require proximate or responsible causation). This Court disagrees with the Secretary's contentions for the reasons stated below. As a preliminary matter, this Court

notes that it must follow the interpretation of the United States Court of Appeals for the Fourth Circuit despite a differing interpretation by another circuit. See T. & S. Rentals v. United States, 164 F.R.D. 422 (N.D. W. Va. 1996).

Title 43, Code of Federal Regulations, Section 4.1294(b) states:

> Appropriate costs and expenses including attorneys' fees may be awarded --
>
> (b) From OSM to any person, other than a permittee or his representative, who initiates or participates in any proceeding under the Act, and who prevails in whole or in part, achieving at least some degree of success on the merits, upon a finding that such person made a substantial contribution to a full and fair determination of the issues.

43 C.F.R. § 4.1294(b).

A petitioner seeking a fee award must satisfy two requirements under the regulation. First, the petitioner must achieve, in whole or in part, at least some degree of success on the merits; and second, the petitioner must contribute substantially to the determination of the issues. See id. The United States Court of Appeals for the Fourth Circuit has characterized the "success on the merits" prong of the regulation as the "eligibility" requirement and the "substantial contribution" prong as the "entitlement" requirement. Norton, 343 F.3d at 245.

A.  The Eligibility Requirement

To meet the eligibility requirement, a party seeking a fee award under SMCRA need not prevail entirely in the dispute.

11

Rather, a party that partially prevails in a proceeding that advances SMCRA's objectives, including that of ensuring "that OSM fulfills its duties under the Act," achieves sufficient success on the merits to satisfy the eligibility prong of 43 C.F.R. § 4.1294(b). Norton, 343 F.3d at 246. According to Norton, a remand order requiring OSM to develop a complete administrative record and to reconsider a statutory requirement advances the purpose of SMCRA's citizen suit provisions by "ensuring that the agency acted responsibly in fulfilling its duties;" this type of partial success is all that is required for a citizen complainant to be eligible for a fee award under SMCRA and its implementing regulations. Norton, 343 F.3d at 247; 43 C.F.R. § 4.1294(b).

In Norton, the citizen complainant sought recision of a mining permit issued to a company in alleged violation of SMCRA for failing to disclose its ownership and control of another entity which itself was alleged to be in violation of SMCRA's reclamation requirements. Norton, 343 F.3d at 242-43. After issuing a ten-day notice to the state and considering the state's response that no ownership link appeared to exist, OSM declined to pursue the matter further. The Conservancy appealed to the Board, which remanded to OSM to develop an adequate record and to decide the ownership issue anew.

The Conservancy then petitioned the Board for an award of costs, including attorneys' fees, for the work the Conservancy had

12

done in the administrative appeal. The issue on appeal in <u>Norton</u> was whether the Board's remand to OSM to develop an adequate administrative record on the question of ownership constituted a sufficient degree of success on the merits to make the complainant eligible for an award of costs and expenses, including attorneys' fees, under SMCRA's fee-shifting provisions. Observing that the petitioner had brought its action "to ensure that OSM performed its statutory duty to block permits to those who own or control surface mines that are in violation of SMCRA . . . [,]" the Fourth Circuit found that the Board's remand, resulting as it did from the agency's inadequate development of the record regarding the defendant's ownership and control of the entity in question, "was . . . necessary to make sure that OSM properly fulfilled its duties under SMCRA." <u>Norton</u>, 343 F.3d at 247. The court held that even though the Board had authority to order OSM to conduct a full investigation on remand, which would have afforded the complainant the full relief it sought, the remand order did meet the "partial success" requirement of 43 C.F.R. § 4.1294's eligibility prong and, therefore, the complainant was eligible for a fee award pursuant to SMCRA's fee-shifting provision. <u>Norton</u>, 343 F.3d at 247.

The court observed that the determination of success on the merits is a question of law. <u>Norton</u>, 343 F.3d at 246 ("The question of whether the result achieved by a party in a case warrants eligibility for an award of attorney fees is . . . a legal

determination that a court is as competent to decide as the Board."). Thus, a court may decide whether a Board-ordered remand for the purpose of developing an adequate administrative record constitutes sufficient success on the merits for establishing a petitioner's eligibility for an award of costs and expenses under SMCRA's fee-shifting provision.

B.    The Entitlement Requirement

The second prong of the fee award provision under SMCRA's implementing regulations is the entitlement requirement.  Norton, 343 F.3d at 247 ("A fee petitioner under SMCRA must also establish its entitlement for a fee award.").    Specifically, 43 C.F.R. § 4.1294(b) requires that the person seeking to enforce the fee award provision have made "a substantial contribution to a full and fair determination of the issues."  43 C.F.R. § 4.1294(b).  Such substantial contribution may be found where a causal connection exists between the petitioner's prosecution of the Board appeal and the relief granted.  Norton, 343 F.3d at 247.  As the Fourth Circuit observed in Norton, the determination of whether a petitioner has made a substantial contribution is a question of fact "committed by statute to the Board's discretion."  Norton, 343 F.3d at 248.

In Norton, the Board never reached the entitlement prong of SMCRA's fee award requirements, and, consequently, made no finding concerning the nexus between the complainant's prosecution of the

14

Board appeal and the relief obtained.  In other words, the Board never made a factual finding on whether the petitioner had made a substantial contribution to a full and fair determination of the issues.  For this reason, the Fourth Circuit remanded the case to the Board to conduct further proceedings on the question of substantial contribution.  <u>Norton</u>, 343 F.3d at 248–49.  Thus, the question of whether a petitioner's prosecution of a Board appeal has a causal link to the relief obtained is a question of fact for the Board to determine in the first instance.

C.   <u>Application of Norton to This Case</u>

In this civil action, the Board refused to evaluate the Conservancy's eligibility for and entitlement to a fee award until final resolution of the separate, remanded proceeding.  According to the Board, "[b]ecause all other issues would be irrelevant if OSM did not have authority to conduct inspection in the first place, it is impossible to make a finding that [the Conservancy] has achieved any degree of success or that it has made any contribution that can be deemed 'substantial' until after the jurisdictional issue is resolved."  <u>West Virginia Highlands Conservancy, Inc.</u>, IBLA 2005-204 at 6 (Dec. 30, 2005).  The Board therefore seems to assign the "substantial contribution" element of the regulations to the "success on the merits" or "eligibility" prong rather than to the "entitlement" prong.

This Court observes that the language of the regulation states that a person must make "a substantial contribution to a full and fair determination of the issues," not that such person must make a substantial contribution to achieving some degree of success on the merits. See 43 C.F.R. § 4.1294(b). Additionally, in Norton, the Fourth Circuit clearly assigns a causation element to the entitlement provision, not to the eligibility provision. See Norton, 343 F.3d at 247 ("key to a finding of substantial contribution [to a full and fair determination of the issues] is 'the existence of a causal nexus between petitioners' actions in prosecuting the Board appeal and the relief obtained.'"). In other words, the "success on the merits" requirement is an independent inquiry that does not, as the Board suggests, demand a causal link between the legal positions advanced by the petitioner and the rationale adopted by the Board. Rather, the causal nexus must exist between the actions of the party seeking a fee award and the full and fair determination of the issues.

As guided by the Fourth Circuit in Norton, this Court finds that the Conservancy has achieved some degree of success on the merits because the Board has remanded the action for further development of the record. In Norton, the issue requiring further development on remand was the ownership of an entity alleged to be in violation of SMCRA; here, the issue is whether OSM possessed oversight jurisdiction of a mining permit. Whether the issue on

remand rests upon factual or jurisdictional grounds is immaterial, as the jurisdictional question in this case requires further development of the factual record. Where the Board orders a remand to develop a sufficient record for the proper and full adjudication of a citizen complaint, thereby ensuring that OSM is meeting its statutory duties, the complaining party achieves partial success on the merits.

In this civil action, the Board found that the record "is not sufficient to establish that jurisdiction terminated . . . " and remanded the case for further development of the record and reconsideration of the agency's jurisdiction. West Virginia Highlands Conservancy, Inc., 165 IBLA at 405-06. This Court finds that the Conservancy partially prevailed because the remand obtained through the Conservancy's administrative appeal has served a key purpose of the citizen suit provision, which is to ensure that the agencies meet their regulatory obligations under SMCRA. See Norton, 343 F.3d at 246 ("A primary purpose of SMCRA's citizen complaint provision is . . . to ensure that OSM fulfills its duties under the Act."). This remand represents a partial success on the merits for the Conservancy, regardless of whether the Conservancy ultimately prevails in this dispute, and regardless of whether the Conservancy's legal positions formed any basis for the Board's decision to remand. Accordingly, this Court finds that the

Conservancy meets the eligibility requirement for an award of attorneys' fees under SMCRA's fee-shifting provision.

Having established that the Conservancy meets the eligibility requirement for a fee award, this Court now turns to a discussion of the entitlement requirement, which becomes relevant after a fee applicant demonstrates "at least some success on the merits." Norton, 343 F.3d at 239 ("A fee petition under SMCRA must also establish its entitlement for a fee award."). The entitlement prong of 43 C.F.R. § 4.1294(b) requires a finding that the petitioner has "made a substantial contribution to a full and fair determination of the issues." 43 C.F.R. § 4.1294(b).

In Norton, the court held that the determination of whether the Conservancy has "made a substantial contribution toward achieving the Board-ordered remand" is a question of fact "for the Board to answer in the first instance." Norton, 343 F.3d at 248. This Court notes that the Board in this case made no finding concerning the substantial contribution, or entitlement, determination of whether a fee award is proper. This Court finds that this civil action must be remanded to the Board for consideration of the issue of whether the Conservancy made a substantial contribution toward achieving the Board's decision to remand for further development of the record.

Accordingly, this Court finds that the Conservancy's motion for summary judgment must be granted and the Secretary's motion for summary judgment must be denied.

## IV.  <u>Conclusion</u>

For the reasons stated above, the Conservancy's motion for summary judgment is hereby GRANTED and the Secretary's motion for summary judgment is hereby DENIED.  Accordingly, this action is hereby REMANDED to the Interior Board of Land Appeals for further proceedings on the issue of substantial contribution.

It is further ORDERED that this civil action is hereby DISMISSED and STRICKEN from the docket.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.[9]

---

[9]Based on the rationale of the United States Court of Appeals for the Fourth Circuit in <u>West Virginia Highlands Conservancy, Inc. v. Norton</u>, this Court believes that, by analogy, this order constitutes a final order under Rule 58 of the Federal Rules of Civil Procedure.  <u>See</u> <u>West Virginia Highlands Conservancy, Inc. v. Norton</u>, 343 F.3d 239, 244 (4th Cir. 2003)(finding district court's order remanding case to Board for award of attorneys' fees to be final, appealable order because once fee award was made, Secretary could not be aggrieved by decision of his own agency, and award would thus become effectively unreviewable after remand).

DATED:     September 20, 2007


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE